UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AMER R.H. ABU-RUB, OLA T.A. ABU AL
RUB, Individually and as the Natural Guardians
of Infants MOHAMMAD AMER AHMAD
ABUALRUB and FARES AMER AHMAD
ABUALRUB, Heirs of AHMAD AMER
AHMAD ABUALRUB, Deceased,

      Plaintiff,

- against -

JORDANIAN AIRLINES, INC.,

      Defendants.
------------------------------------------------------------------x

Civil Action No.
07-07888 (JGK) (KNF)

**ANSWER**

   Defendant JORDANIAN AIRLINES, INC. (hereinafter "ROYAL JORDANIAN"), by its attorneys, Condon & Forsyth LLP, for its Answer to the Complaint:

   1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 1 and 2 of the Complaint.

   2. Denies the allegations in paragraph 3 of the Complaint except admits that ROYAL JORDANIAN is a foreign corporation organized and existing by virtue of the laws of the Kingdom of Jordan with its principal place of business in Amman, Jordan, and that it does business in the State of New York, the transferee District.

   3. Admits the allegations in paragraph 4 of the Complaint.

   4. Denies knowledge or information sufficient to form a belief in the allegations in paragraphs 5 through 9 inclusive of the Complaint.

5. Denies the allegations in paragraphs 10, 11 and 12 of the Complaint.

## AS TO THE SECOND [SIC] ALLEGED CAUSE OF ACTION

6. Answering paragraph 13 of the Complaint, defendant ROYAL JORDANIAN repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 5 inclusive of this Answer to Complaint with the same force and effect as if set forth in full herein.

7. Denies the allegations in paragraphs 14 and 15 of the Complaint.

## AS TO THE THIRD ALLEGED CAUSE OF ACTION

8. Answering paragraph 16 of the Complaint, defendant ROYAL JORDANIAN repeats, reiterates and realleges each and every allegation, admission and denial in paragraphs 1 through 7 inclusive of this Answer to Complaint with the same force and effect as if set forth in full herein.

9. Denies the allegations in paragraph 17, 18 and 19 of the Complaint.

## AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

10. The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

11. The transportation out of which the subject matter of this action arose was "international carriage" within the meaning of the Convention for the

Unification of Certain Rules for International Carriage by Air opened for signature on 28 May 1999, *reprinted in* S. Treaty Doc. 106-45, 1999 WL 333292734 (entered into force November 4, 2003) and the rights of the parties are subject to the provisions of said Convention (hereinafter referred to as the "Montreal Convention").

12.     Defendant ROYAL JORDANIAN is not liable to plaintiffs because the death of the infant decedent was not proximately caused by an "accident" within the meaning of Article 17 of the Montreal Convention.

## AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

13.     Defendant ROYAL JORDANIAN repeats, reiterates and realleges each and every allegation in paragraph 11 of this Answer with the same force and effect as if herein set forth in full.

14.     To the extent that damages in excess of 100,000 SDRs are sought, defendant ROYAL JORDANIAN alleges that the damages claimed by plaintiffs were not caused by the negligence or other wrongful act or omission of defendant ROYAL JORDANIAN, its servants and its agents.

## AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

15.     Defendant ROYAL JORDANIAN repeats, reiterates and realleges each and every allegation in paragraph 13 of this Answer with the same force and effect as if herein set forth in full.

16.     Pursuant to Article 20 of the Montreal Convention, its tariffs on file with the U.S. Department of Transportation and the conditions of carriage as set forth in the relevant contract of transportation, defendant ROYAL JORDANIAN is not liable

to plaintiffs, or in the alternative defendant ROYAL JORDANIAN's liability is limited.

### AS AND FOR A FIFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

17. Defendant ROYAL JORDANIAN is a foreign state as defined in 28 U.S.C. § 1603(a) and, therefore, is entitled to all the rights, privileges, protections and defenses afforded by the Foreign Sovereign Immunities Act of 1996, 28 U.S.C. § 1602, *et seq.*, including the right to a non-jury trial.

WHEREFORE, defendant JORDANIAN AIRLINES, INC. demands judgment dismissing the Complaint in its entirety or, alternatively, judgment limiting or reducing its liability pursuant to the foregoing, together with an award of the costs and disbursements incurred in defending the within action and all other relief which to this Court may seem just and proper.

Dated:   New York, New York
         October 22, 2007

CONDON & FORSYTH LLP

By _____
Michael J. Holland (MH 8329)
A Partner of the Firm
Attorneys for Defendant
7 Times Square
New York, New York  10036
(212) 490-9100

TO:   Jorge M. Carmona Rodriguez, Esq.
      Villa Santa Clara
      Calle #D #42
      Ponce, PR  00731
      (787) 484-3223

      - and -

4

Lawrence Goldhirsch, Esq.
WEITZ & LUXENBERG, P.C
180 Maiden Lane
New York, New York  10038-4925
 (212) 558-5500

Attorneys for Plaintiffs

# AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK        )
                         ) ss:
COUNTY OF NEW YORK   )

Mary Ann Rooney, being duly sworn, deposes and says that deponent is not a party to the action, is over 18 years of age and resides in Queens, New York. That on the 22nd day of October, 2007 deponent served the within Answer upon:

Jorge M. Carmona Rodriguez, Esq.
Villa Santa Clara
Calle #D #42
Ponce, PR  00731

Lawrence Goldhirsch, Esq.
WEITZ & LUXENBERG, P.C
180 Maiden Lane
New York, New York  10038-4925

at the addresses designated by said attorneys for that purpose by depositing same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Post Office Department within the State of New York.

Mary Ann Rooney

Sworn to before me this
22nd day of October, 2006

Notary Public

MICHAEL J HOLLAND
Notary Public, State of New York
No. 41-4501283
Qualified in Nassau County
Commission Expires August 31, 2009